IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                    *

LYNWOOD MCALLISTER
                                    *
                                    *
     Plaintiff,
v.                                  *    CIVIL NO.: WDQ-05-2905

CITY OF BALTIMORE,
MARTIN O' MALLEY, MAYOR             *
                                    *
     Defendant.                     *

*      *      *      *      *      *      *      *      *      *      *      *      *

MEMORANDUM OPINION AND ORDER

Lynwood McAllister has sued the City of Baltimore (the "City") for wrongful termination in violation of 42 U.S.C. § 1983 of the United States Code[1].

Pending is the City's motion to dismiss or in the alternative motion for summary judgment.  For the following reasons, the City's motion for summary judgment will be granted.

BACKGROUND

From July 2002 through September 2004, McAllister served as the Director of the Men's Health Center--a non-civil service position--within the City's Health Department.  *See* Complaint at ¶5; Mot. Ex. A ("List of Non-Civil Service Classes").  In September 2004, LaTascha Greene, McAllister's supervisor, recommended McAllister's termination from the Department, because he failed to

---

[1] 42 U.S.C. §1983 (2006).

1

attend mandatory training and had three consecutive "no call, no show" absences. *See* Complaint at ¶9. On September 14, 2004, the City notified McAllister of this recommendation and held a pre-termination hearing. *See* Mot. Ex. B ("9/14/04 Pre-Termination Letter"). McAllister, unable to refute Greene's allegations, was subsequently terminated. *See* Mot. Ex. C. ("9/20/04 Termination Letter").

McAllister alleges that the City terminated his employment without due process. *See id.* at ¶¶12,15-17.

On October 24, 2005, McAllister brought this suit.

LEGAL DISCUSSION

A.      Motion for Summary Judgment

1.   Standard of Review

Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986), the Supreme Court explained that, in considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. Thus, "the judge must ask ... whether a fair-minded jury could return a verdict for the

[nonmoving party] on the evidence presented." *Id.* at 252.

The court must view the facts and the reasonable inferences drawn therefrom "in the light most favorable to the party opposing the motion," *Matsushita Electric Industrial Company v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), but the opponent must produce evidence upon which a reasonable fact finder could rely. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). A "scintilla" of evidence is not sufficient to preclude summary judgment. *Anderson*, 477 U.S. at 252.

2.   Procedural Due Process

The Fourteenth Amendment prohibits the States from depriving its citizens of life, liberty, or property without due process. *See* U.S. Const. Amend. XIV.

To establish an employment-related procedural due process claim, an employee must prove that: (1) he had an identifiable constitutionally protected property interest in continued employment; and (2) the employer's process of depriving him of this interest violated federal constitutional norms. *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).

The parties dispute whether McAllister, as a non-civil servant, had a protected interest in continued employment. Assuming arguendo that McAllister had a protected interest, his due process claim still fails.

Prior to his termination, the City gave McAllister

notice and an opportunity to refute Greene's allegations.  *See* Mot. Exs. B ("9/14/04 Pre-Termination Letter"), C ("9/20/04 Termination Letter").  Nothing more was required under the Constitution.  *See Demesme v. Montgomery County Gov't*, 63 F. Supp. 2d 678 (D.Md. 1999) (Constitution merely requires that employee receive notice and opportunity to be heard).  McAllister, however, contends that the City's personnel regulations entitled him to additional safeguards.  *See* Complaint at ¶¶14-17.  As McAllister has adduced no evidence supporting this contention, summary judgment is appropriate.

Accordingly, the City's motion for summary judgment will be granted.

CONCLUSION

For the reasons discussed above, the City's motion for summary judgment will be granted.


June 7, 2006                    _____/s/_____
Date                            William D. Quarles, Jr.
                                United States District Judge

4